UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: ) | Bk. No. 12-02796 | |
|    Terry Loskoski ) | Chapter: 13 | |
|       Debtor ) | | |
| _____) | Adv. Pro. No. | |
|    Terry Loskoski ) | | |
|       Plaintiff ) | | |
| ) | **COMPLAINT** | |
| v. ) | | |
| ) | | |
|    CitiFinancial ) | | |
|       Defendant ) | | |
| ) | | |
| _____) | | |

Terry Loskski (hereinafter referred to as Plaintiff) files this Complaint against CitiFinancial (hereinafter referred to as "Defendant". The Plaintiff respectfully shows the Court the following:

**JURISDICICTION**

1. The Plaintiff filed a Chapter 13 petition for relief (Case No.: 12-02796) in the United States Bankruptcy Court for the District of South Carolina on May 1, 2012.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section §1334.
3. This Complaint involves multiple violation(s) of the bankruptcy contempt powers, 11 U.S. C. §105.
4. This Complaint also involves a core proceeding to determine the lien on property.
5. This Complaint also involves non-core proceeding causes of action to include violations of the South Carolina Unfair Trade Practices Act and the Federal Unfair Trade Practices Act.
6. Joy S. Goodwin was appointed the Chapter 13 Trustee.

7. Plaintiff's Schedule D correctly list the secured creditors for his 495 W. Buena Vista property as Bank of America which holds a perfected first and second mortgage.

8. Plaintiff's confirmed Chapter 13 bankruptcy plan correctly lists the Bank of America mortgages. No additional mortgages in the plan are associated with the 495 W. Buena Vista property;

9. Defendant waited nearly one year to file a proof of claim in said case. Defendant filed a claim on April 1, 2013;

10. Defendant also filed a motion for relief from the automatic stay on May 1, 2013;

11. Plaintiff has proof that he notified Defendant multiple times prior to filing for bankruptcy that they had no lien on the 495 W. Buena Vista property;

12. Defendant has an incorrect property description attached to their Motion for Relief of the Automatic Stay and Proof of Claim;

13. Defendant, even with all the red flags showing they had no lien on said property to include two proof of claims filed by Bank of America on said property, elected not to contact the Debtor's attorney prior to filing their proof of claim or Motion for Relief of the Automatic Stay which could have easily solved the issue;

14. Plaintiff objected to the Defendant's Motion for Relief of Automatic stay on or about May 7, 2013 and filed an amended Objection on June 4, 2013; Plaintiff also amended his Certification of Facts prior to the hearing.

15. The Certification of Facts filed within the Defendant's Motion for Relief are false and misleading. The Certification of Facts were never amended to state the correct information;

16. A hearing was held on said matter on June 4, 2013;

17. Defendant's attorney incorrectly informed the Court that the Debtor's confirmed plan list CitiFinancial as a secured creditor on the 495 W. Buena Vista property.

18. Plaintiff filed an objection to the Plaintiff's April 1, 2013 proof of claim on or about June 4, 2013;

19. Plaintiff's attorney notified the Defendant's attorney at least four (4) days prior to said hearing to inform them that the Plaintiff disputed Defendant's allegation of having a lien on the 495 W. Buena Vista property;
20. Plaintiff has listed on his Schedule D eleven (11) secured mortgages to include CitiFinancial on another property.
20. Plaintiff was initially confused with the Defendant's Motion for Relief of the Automatic Stay because the information in said motion is false and deceptive. In addition, Plaintiff acted in good faith in an effort to provide corroborating evidence that Defendant had no lien by driving from Columbia, SC to Aiken, SC prior to the hearing to research who had liens on the 495 W. Buena Vista property;
21. Defendant and Plaintiff reached a settlement on the Motion for Relief of Automatic Stay on or about June 13, 2013. Defendant agreed that their Motion for Relief was dismissed with prejudice. In addition they agreed the confirmed Chapter 13 plan was correct as to CitiFinanial and that the Plaintiff had not waived his rights to  seek damages by agreeing to the settlement;

I. **CAUSE OF ACTION : VIOLATION OF 11 U.S.C. §105 (based on violations of statutory law on proof of claim filings in bankruptcy court. Private cause of action for damages for filing a fraudulent proof of claim - 18 U.S.C. § 152(4), 18 U.S.C. § 152, 18 U.S.C. § 3571, 18 U.S.C. § 405(d), Rule 3001                    (Paragraphs 1-21 are incorporated herein as if stated verbatim  )**

22. The Plaintiff alleges that Defendant on filed a fraudulent proof of claim on April 1, 2013 with the United States Bankruptcy Court. Proof of claim filed by the Defendant states that they have a perfected lien on 495 W. Buena Vista Av. Augusta, Georgia.
23. The evidence shows that the Defendant has not had a perfected lien on said property for years. In fact, Plaintiff obtained two

mortgages on said property since 2009 and both mortgages do not reflect any lien from Defendant.

24. Plaintiff has proof he has notified Defendant multiple times that they did not have a lien on said property. Each time Defendant ignored the Plaintiff.
25. Defendant's proof of claim attachments are incorrect and have the wrong legal description;
26. Defendant knew or should have known that there was an issue as their alleged lien because the Plaintiff's bankruptcy schedules and Chapter 13 Plan does not mention them. Defendant has violated atleast one bankruptcy proof of claim statute - 18 U.S.C. § 152(4), 18 U.S.C. § 152, 18 U.S.C. § 3571, 18 U.S.C. § 405(d), Rule 3001 ;
27. Defendant failed to execute normal due diligence in executing their proof of claim and violates specific bankruptcy statutes;
28. Plaintiff's attorney has discovered case law in this Circuit that 11 U.S.C. . §105 can be used in a private cause of action to collect damages for filing a fraudulent proof of claim when a specific bankruptcy statute has been violated. Furthermore, a fraud has been committed upon the Court and the Plaintiff and this Court has the power in its digression to allow damages.
29. This Court and other bankruptcy courts have allowed damages pursuant to other bankruptcy statutes with no private cause of action. 11. U.S.C . §524.
30. Plaintiff reserves the right to amend complaint to allege additional complaints if through Discovery Plaintiff discovers additional issues, wrong doings, and or new cause of action
31. Plaintiff has incurred significant damages due to the fraudulent proof of claim.

**II.    VIOLATION OF 11 U.S.C.  §105 (based on violations of statutory law on filing pleadings in U.S.  Bankruptcy Court**

 **(Paragraphs 1-31 are incorporated herein as if stated verbatim  )**

32. Defendant intentionally filed for Motion for Relief of the Automatic Stay even though they had multiple warning flags showing they had no lien on said property;
33. Defendant's Motion states they have a perfected lien on 495 W. Buena Vista Av. property.
34. Defendant filled out a Certification of Facts that was not amended prior to the hearing which states they have a perfected first mortgage on said property,
35. Defendant has a duty to execute due diligence before filing pleadings with the Court.
36. Defendant was notified by Plaintiff prior to filing said Motion for Relief that they did not have a perfected lien.
37. Defendant's action(s) have an impact upon the public because it shows they have a propensity to ignore Court Order and proceed with foreclosures.

   **III. Motion to Determine Validity or Priority  of Lien**
    **(Paragraphs 1-37 are incorporated herein as if stated verbatim)**

38.  Defendant has filed a proof of claim stating they have a valid lien on the 495 W. Buena Vista property;
39. Defendant filed a Motion for Relief of the automatic stay seeking relief in order to start state court proceedings on the 495 W. Buena Vista property;

40. Plaintiff respectfully requests from the Court to issue and order determining the extent of any lien Plaintiff may have on the 495 W. Buena Vista property.

## IV.   Violation of the South Carolina Unfair Trade Practices Act
   (Paragraphs 1-40 are incorporated herein as if stated verbatim)

41. Defendant knowingly has made multiple false allegations in bankruptcy court to include written and oral which has furthered their deception upon this Court and the Plaintiff;
42. Defendant had multiple warning signs to include the Plaintiff's prior warnings that they had no lien on the 495 W. Buena Vista property;
43. Defendant is a sophisticated creditor and has potential to continue using the same deceptive practices on a larger scale;
44. Plaintiff has suffered extensive damages to include pecuniary damages due to the deceptive actions of the Defendant.

## V. Violation of the Federal Unfair Trade Practices Act
   (Paragraphs 1-44 are incorporated herein as if stated verbatim)

45. Defendant knowingly has made multiple false allegations in bankruptcy court to include written and oral which has furthered their deception upon this Court and the Plaintiff;
46. Defendant had multiple warning signs to include the Plaintiff's prior warnings that they had no lien on the 495 W. Buena Vista property;
47. Defendant is a sophisticated creditor and has potential to using the same deceptive practices on a larger scale;

48. Plaintiff has suffered extensive damages to include pecuniary damages due to the deceptive actions of the Defendant.

WHEREFORE, the Plaintiff prays that this Honorable court grant a judgment against the Defendant for filing a false proof of claim and a false/deceptive Motion for Relief of the Automatic Stay  11 U.S.C. §105) and for violating the South Carolina Unfair Trade Practices Act and the Federal Trade Practices Act. Plaintiff prays that this Honorable Court order  actual damages,  emotional distress damages; attorney fees and costs; &  punitive damage in the amount the Court may deem just an appropriate for filing a false and deceptive claim and pleading in United States Bankruptcy Court,  for violating the South Carolina Unfair Trade Practices Act, and for violating the  Federal Unfair Trade Practices Act, and  for such other relief as this Court deems appropriate pursuant to 11 U.S.C. §105.
Finally, Plaintiff prays that this Honorable Court determine the valid liens on the 495 W. Buena Vista Property.

Respectfully submitted.

**Stone  Law Firm, LLC**

/s/ Daniel A. Stone

Daniel A. Stone
Attorney for Plaintiff
7436 Broad River Rd.
Irmo, SC 29063
(803) 407-6565
District No.: 8807

Irmo, SC

June 19, 2013